*United States v. Anson*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
              SUSAN L. CARNEY,
                  *Circuit Judges,*
              RICHARD W. GOLDBERG,
                  *Judge.* [*]

---

UNITED STATES,

        *Appellee,*                     14-1199

        v.

DONALD ANSON,

        *Defendant-Appellant.*

---

**FOR APPELLEE:**                   Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York

---

   [*] Judge Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:**                    James M. Branden, New York, New York

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is DISMISSED for want of appellate jurisdiction.

Defendant-appellant Donald Anson ("Anson") appeals from a final judgment convicting him of two counts of transporting child pornography, one count of receiving child pornography, and 39 counts of possessing child pornography. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we briefly recount below.

Anson's case was remanded for resentencing twice. *See United States v. Anson*, 304 Fed. App'x 1 (2d Cir. 2008) and *United States v. Anson*, 429 F.App'x 61 (2d Cir. 2011). At the third sentencing proceeding—the subject of this appeal—the District Court held a full resentencing. It established the sentencing range at 210-262 months. It sentenced Anson to 180 months in prison on two counts of transporting child pornography and on one count of receiving child pornography, and concurrent sentences of 120 months on 39 counts of possessing child pornography. Most pertinently, it revised Anson's supervised release down to 25 years.

Anson appealed once more, contesting the procedural and substantive reasonableness of his sentence. However, on September 29, 2017, he was released from prison. Although his prison sentence ended, he remains under supervised release. Before we address the merits of Anson's appeal, we must determine whether it presents a live case or controversy likely to be redressed by a favorable decision. *See Powell v. McCormack*, 395 U.S. 486, 496-97 (1969); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).

We conclude that it does not. We have held that a criminal appeal may not be moot where an appellant has been released from prison but remains under supervised release—if there is a "possibility of the district court's reducing the term of supervised release on remand" such that the defendant has "a continuing stake in the outcome." *United States v. Blackburn*, 461 F.3d 259, 262 (2d Cir. 2006); *see also Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006). Here, Anson asserts no claim regarding his term of his supervised release. In addition, the District Court already reduced the length of Anson's supervised release. In these circumstances and on this record, we find it unlikely that the District Court might again alter the term of supervised release. We therefore conclude that Anson lacks a continuing stake in the outcome of this appeal and that there is no live case or controversy before us. In view of this disposition, we may not reach the merits of Anson's appeal.

## CONCLUSION

Accordingly, for the foregoing reasons, we **DISMISS** Anson's appeal for want of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk